J-A20034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARLES ARANGIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUANNE ARANGIO, WAYNE LAW AND | : | No. 3143 EDA 2023 |
| ESTATE OF ANNA ARANGIO | : | |

Appeal from the Order Entered November 7, 2023
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2023-00062

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED JULY 31, 2024**

Appellant, Charles Arangio, appeals *pro se* from the November 7, 2023 order entered in the Northampton Court of Common Pleas that dismissed his complaint with prejudice.  Upon review, we dismiss this appeal due the substantial defects in Appellant's brief.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Appellant and Luanne Arangio are siblings who are involved in an ongoing dispute regarding the estate of their mother, Anna Arangio, for which Luanne Arangio is the named executor and Appellant is a beneficiary.  On January 5, 2023, Appellant *pro se* filed a 15-count complaint against Luanne Arangio both individually and in her capacity as the Executor of the Estate of Anna Arangio ("Appellees"), which, *inter alia*, re-raised issues

that had been resolved in prior probate and ejectment actions.[1]  On January 30, 2023, Appellees filed preliminary objections and a supporting brief. Appellant filed a response with no supporting legal memorandum.

On November 7, 2023, the trial court entered an order that sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice.   Appellant filed a timely *pro se* appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to determine "whether the [c]ourt erred in granting the P.O.'s and dismissing the case with prejudice[.]"  Appellant's Br. at 6 (unpaginated).  However, due to substantial defects in Appellant's brief, we are unable to do so.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.  "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

---

[1] The complaint contained claims of Unjust Enrichment, Quantum Meruit, Implied Contract, Property Maintenance, Undue Influence, Conspiracy, Slander, Libel, Theft, Possession of Stolen Property, Violating HIPAA, Practicing Medicine Without a License, Intentional or Negligent Abuse of Process of a Lawsuit, Intentional or Negligent Inflection of Emotional Distress, and Punitive Damages.

"The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). ***See also*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Appellant's brief to this Court preclude meaningful appellate review. In his statement of the case, Appellant fails to provide a closely condensed chronological statement including appropriate references to the record, and, instead, airs grievances from 2018 to present. ***See*** Pa.R.A.P. 2117(a)(4). Appellant's argument section is substantially underdeveloped and, likewise, fails to contain references to the record. ***See*** Pa.R.A.P. 2119(a), (c). Most fatal to our review is the fact that Appellant **fails**

- 3 -

**to provide citation to any legal authority to support his arguments** and, accordingly, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law.  Accordingly, Appellant's brief fatally hampers our review.  We, thus, dismiss this appeal.[2]

We direct the prothonotary to strike this appeal from the August 28, 2024 argument list.

Appeal dismissed.  Appellees' motion to quash denied as moot.  Case stricken from argument list.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2024

---

[2] In light of our disposition, we deny as moot Appellees' April 15, 2024 Motion to Quash/Dismiss Appeal for Appellant's failure to file a reproduced record.